IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON,<br><br>            Respondent,<br><br>    v.<br><br>Y.M.A.,<br><br>            Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 76914-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: August 6, 2018 |

BECKER, J. — The appellant, a juvenile, contends his trial was unfair because he was denied a jury and the judge appeared biased. We find no basis for reversal.

Y.M.A. was charged with attempted second degree robbery for trying to steal beer and cigarettes from a stranger on September 13, 2016. He was adjudicated guilty at a bench trial in juvenile court on April 4, 2017, when he had already turned 18 years old. At the time, Y.M.A. had other felony cases pending, including an adult robbery case. He received a disposition of 20 days of detention, 16 days of community service, and 9 months of supervision. This appeal followed.

Y.M.A. contends that he was entitled to a jury. The trial court denied this claim.

It is a statutory requirement that juvenile cases be tried without a jury. RCW 13.04.021(2). Our Supreme Court has consistently rejected arguments that this mandate violates the jury right guaranteed by the state and federal constitutions. See, e.g., State v. Lawley, 91 Wn.2d 654, 655, 591 P.2d 772 (1979); State v. Schaaf, 109 Wn.2d 1, 4, 743 P.2d 240 (1987); State v. Chavez, 163 Wn.2d 262, 264, 180 P.3d 1250 (2008). The court has reasoned that the juvenile system's emphasis on rehabilitation, rather than punishment, means that juvenile proceedings are not "criminal prosecutions" to which the jury right attaches. Schaaf, 109 Wn.2d at 4-5; Chavez, 163 Wn.2d at 267-68, 269. We are bound by these decisions. Whether the juvenile system has been so altered by recent developments that the jury right should extend to juveniles is a decision for a higher court or the legislature. Given the current state of the law, the trial court did not err by denying Y.M.A.'s request for a jury.

Y.M.A. contends that he is entitled to a new trial because the trial judge appeared biased. Y.M.A. contends that the trial judge "was impermissibly familiar" with him from past cases, "minimized the presence of racism" in the accusations made by the victim, considered "prejudicial pending criminal matters" involving Y.M.A. while deliberating on how to dispose of this particular case, and unfairly allowed Y.M.A. to appear in jail garb.

Y.M.A. did not seek recusal below. At one point, defense counsel said, "We're not asking the court to recuse himself because of the prior knowledge, unless you feel that there's something that you know about him or about his situation which you think might color the way you look at the—at this trial." The

2

doctrine of waiver applies to appearance of fairness claims. State v. Morgensen, 148 Wn. App. 81, 91, 197 P.3d 715 (2008), review denied, 166 Wn.2d 1007 (2009). Y.M.A.'s failure to ask the court to recuse precludes him from raising the issue on appeal.

In addition, the record does not bear out Y.M.A.'s assertion of apparent bias. The judge acknowledged his familiarity with Y.M.A. He assured the parties of his ability to decide the present case based solely on the facts before him. The presumption is that judges in bench trials ignore inadmissible evidence, such as other misconduct evidence. State v. Read, 147 Wn.2d 238, 244-45, 53 P.3d 26 (2002). The judge assured the parties that seeing Y.M.A. in jail clothes would not affect his impartiality. The judge was aware of the racial bias displayed by some of the comments of the complaining witness. The fact that the judge nevertheless believed the victim's account of the robbery does not compel a finding of actual or apparent bias on the part of the judge.

We conclude that Y.M.A. has not shown a violation of his right to a fair trial.

Affirmed.

Becker, J.

WE CONCUR:

3